IN THE COURT OF APPEALS

FILED

June 5, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

RICHARD GAUSE d/b/a ROOFWORKS      )      SEVIER CHANCERY
OF TENNESSEE,                      )      C. A.  NO.  03-A01-9707-CH-00001
                                   )
         Plaintiff-Appellant       )
                                   )
                                   )
                                   )
                                   )
                                   )
vs.                                )      HON.  CHESTER R.  RAINWATER, JR.
                                   )      CHANCELLOR
                                   )
                                   )
                                   )
                                   )
                                   )
JANICE COLE d/b/a RIVERSIDE        )      AFFIRMED IN PART,  VACATED IN
SHOP and JERRY OGLE,               )      PART,  AND REMANDED.
                                   )
         Defendants-Appellees      )


ROBERT L. OGLE, JR., Sevierville for Appellant.

JEFF D. RADER, Ogle, Wynn & Rader, Sevierville, for Appellees.



O P I N I O N



                                   McMurray, J.



        This case originated as an action to enforce a lien for work and materials pursuant to T.C.A. § 66-11-126.  The plaintiff alleged that he had furnished equipment, labor and materials which were used for improvements on the property which the defendant, Cole occupied as lessee and the defendant, Ogle, was an owner.  The defendant, Ogle,

filed an answer, generally stated that he owned an interest in the subject property but was without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the complaint.

On the other hand, defendant, Cole, filed an answer and counter-claim. In her answer Cole admitted to having a leasehold interest in the property. She further admitted that she had entered into an agreement with the plaintiff to provide certain labor and materials to repair the roof of the building which she was lessee and which was occupied by a sublessee. The sublessee operated a business on the premises known as Riverside Gift Shop.

In her counterclaim, the defendant, Cole, alleged that the plaintiff breached their agreement and failed to perform the labor in a good workmanlike manner and that as a result the interior and contents of the building were damaged and she was required to pay for damages sustained by her tenant. She sought damages from the plaintiff in the amount of $12,000.00. By amendment she increased her demand for damages by $4,000.00.

Subsequently, the case was referred to a special master.[1] The special master found that the plaintiff had breached his contract by failure to finish the work and by negligently doing the work and as a

---

[1]The plaintiff also filed a motion for summary judgment in which he sought to have the counterclaim dismissed because the property for which counter-plaintiff claimed damages was owned by a third party who is not a party to this action. The summary judgment was by agreement submitted to the Special Master for disposition along with all other matters. The matter was resolved adverse to the plaintiff. The chancellor later confirmed the findings of the master overruling the motion for summary judgment.

result there was extensive damage to the building and its contents. He found that the plaintiff was not entitled to a judgment and recommended dismissal of the complaint. On the counterclaim he found that the counter-plaintiff had sustained the allegations of her counterclaim and was entitled to damages in the total amount of $10,657.21. The special master found that the damages for repainting and recarpeting totaled $4,417.75.

Exceptions were filed to the master's report. The chancellor at the hearing on the exceptions reduced the damages for repainting and recarpeting to $883.55. He entered a total judgment for the counter-plaintiff in the amount of $7,123.01. The remainder of the special master's report was confirmed.

From this judgment, the original plaintiff has appealed presenting us with the following issues for review:

1. Whether the court erred in admitting evidence in the record of witnesses (not the owners) relative to the value of the merchandise and damages thereto.

2. Whether the court erred in not restricting the amount of damages in accordance with the proof of loss.

3. Whether the court erred in finding that the roof was defectively applied and in determining damages for breach of warranty.

4. Whether the court erred in awarding damages for merchandise when the appellee was not the owner of the merchandise and had no cause of action therefor.

5. Whether the court erred in finding appellant liable for damage to the interior of the building including carpeting, which was the obligation under the sublease agreement of the sublessee, Larry Uttam, not a party to this litigation.

3

We will first look to our standard of review. Our standard of review in nonjury cases is controlled by Rule 13(d), Tennessee Rules of Appellate Procedure i.e., "[u]nless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." To the extent, however, that there is a concurrent finding of fact by the special master and chancellor, we must be guided by T.C.A. § 27-1-113 and the cases construing that statutory enactment.

> T.C.A. § 27-1-113 provides the proper standard for this Court to follow when reviewing the findings of a master in which a chancellor concurs: "Where there has been a concurrent finding of the master and chancellor, which under the principles now obtaining is binding on the appellate courts, the Court of Appeals shall not have the right to disturb such finding." The concurrent finding of a master and a chancellor has the same force and effect as a jury verdict approved by the trial judge. Coates v. Thompson, 713 S.W.2d 83 (Tenn. App. 1986), citing Schoen v. J.C. Bradford & Co., 642 S.W.2d 420 (Tenn. App. 1982); Ferrell v. Elrod, 63 Tenn. App. 129, 469 S.W.2d 678 (1971). Such a concurrence is conclusive on appeal unless (1) the issue is one not proper for reference to a master, (2) the concurrence is based on an error of law or a mixed question of law and fact, or (3) the concurrence is not supported by any material evidence. Coates, supra. See also, Staggs v. Herff Motor Co., 216 Tenn. 113, 390 S.W.2d 245 (1965). Thus, we must affirm the Chancellor unless one of these three exceptions applies in this case.

Haynes v. Wilson, (Tenn. App. Opinion filed at Knoxville, December 28, 1994.)

Under the facts in this case, we find that the issues presented do not come within any of the three exceptions noted above and were proper issues to refer to a Special Master. Therefore, the concurrent

4

findings of the Special Master and chancellor are subject to the "material evidence rule."[2] Our review of the record reflects that there is material evidence to support the concurrent findings of fact concerning liability and to some damages. The only issues which we will discuss are those where the chancellor disagreed with the special master or where there was an erroneous application of the law.

The first issue deals with a pure question of law. The question presented is whether a witness, who is not an owner of property may testify to the value of merchandise and damages to it. "[A] witness who is familiar with the value of property of the same character may testify to that value . . . " Wilson v. Bryant, 167 Tenn. 107, 67 S.W.2d 133, 134 (1934).

A witness, Mr. Baiju Harjani, the sublessee's shop manager, was allowed to testify to the value of the damaged merchandise over plaintiff's objection. We find this testimony to be erroneously admitted for two reasons. Firstly, the witness was never qualified as being familiar with the value of property of the same character. Secondly, the measure of damages used by the witness does not comport with existing law.

It is a well-accepted principle of law in this state that damages to personal property may be measured by either the cost of repair or the reduction in fair market value. See Coiner, "Tennessee Law of

---

[2]There is no mention of "concurrent findings" in Rule 13(d), Tennessee Rules of Appellate Procedure. The rule does, however, contain a limiting provision, i.e., "[u]nless otherwise required by statute." Concurrent findings are controlled by T.C.A. § 27-1-113. We also note that the Advisory Commission Comments, which specifically refer to T.C.A. § 27-1-113, state that "[t]his subdivision dealing with appellate review of findings of fact in civil actions, incorporates existing law."

Damages," Section 6-3. This rule is further set forth in the case of Anderson v. Inman, 3 Tenn. App. 195 (1926), which has been incorporated into Tennessee Pattern Instructions, Civil 14.40 as follows:

> . . . if the damages have not been repaired, or if the property is not capable of repair so as to restore the three factors of function, appearance, and value as they existed immediately before the [incident], then the measure of damages is the difference in the fair market value of the property immediately before the [incident] and immediately after the [incident].

The following rule has also been enunciated:

> In this state, the ordinary and basic measure of damages for injury to personal property is the difference between its market value immediately before and immediately after the injury. Irving Pulp and Paper, Ltd. v. Dunbar Transfer and Storage Co., 732 F.2d 511 (6th Cir. 1984); Yazoo and M.V.R. Co. v. Williams, 182 Tenn. 241, 185 S.W.2d 527, 529 (Tenn. 1945); Tennessee Jurisprudence, Damages, § 18, page 42.

None of the proper measures were employed in this case. The witness, Mr. Baiju Harjani, who testified as to the damages to the merchandise, testified only as to the cost of the damaged or destroyed property. We hold that the testimony of Mr. Harjani was improperly admitted and further the testimony if allowed is insufficient evidence as a matter of law upon which a judgment for damages to personal property can be based.

The appellant next insists that the damages for personal property should be restricted to the amount of loss as stated in a sworn proof of loss prepared by the appellee. We agree that the proof of loss was

6

admissible and the record reflects that it was admitted into evidence. Admissions can be used not only as substantive evidence but also as evidence touching the credibility of the witness. Admissions are in no way conclusive. <u>See</u> Tennessee Rules of Evidence, Rule 803(1.2). We find no merit in this issue.

As to the third issue, there is material evidence to support the judgment of the trial court and special master. Thus, applying the material evidence rule as we have discussed <u>supra</u>, we find no merit in this issue.

Issues four and five are interrelated and we will consider them together.

Under the sublease agreement between counter-plaintiff, Cole, and the sublessee, Uttam, we find the following provisions:

7.   **Maintenance and Repair.**

   a.   Sublessor shall make all structural repairs such as supports, roof and the exterior walls of the building in a timely manner during the term of this lease.

   b.   Sublessee shall, during the term of this agreement at his sole expense, otherwise maintain both the interior and exterior of the leased premises in as good order and repair as it is at the commencement of this lease, reasonable wear and tear excepted, nor will the sublessee suffer or permit any waste or neglect of property and will repair or restore the same as often as may be necessary in order to keep the leased premises in a good state of repair.

*   *   *   *   *

Therefore, under the express terms of the contract between the sublessor and sublessee, the sublessor is required to maintain the roof in good repair. A failure to do so, even if the fault of another, would constitute a breach of the sublease agreement. If there is such a breach and the sublessee suffers damages, he would be entitled to recover his losses from the sublessor, including damages to the areas where the sublessee was responsible for maintenance. "The purpose of assessing damages in breach of contract cases is to place the plaintiff as nearly as possible in the same position she would have been in had the contract been performed, but the nonbreaching party is not to be put in any better position by recovery of damages for the breach of the contract than he would have been if the contract had been fully performed. Action Ads, Inc. v. William B. Tanner Co., 592 S.W.2d 572 (Tenn. App. 1979)." Lammons v. Chamberlain, 909 S.W.2d 795 (Tenn. App. 1993).

It cannot be seriously argued that the sublessee did not suffer damages from defects in the roof. Under the facts of this case, the sublessee withheld $10,000.00 in rent for damages to the interior of the building and the merchandise located therein. The record does not reflect whether any of the monies withheld was ever paid to the sublessor. In any event, the sublessee could have maintained an action against the sublessor for damages proximately caused by the defective roof, including areas that the sublessee was obligated to maintain under the terms of the lease provided the maintenance costs were increased by the defective roof.

8

We find that issues four and five are governed by the following rules of law.

> Although not expressly so denominated in the complaint, the gravamen of this suit is indemnity; that is, the plaintiff is seeking reimbursement of damages he expects to pay to a third party for damages suffered by the third party as a result of defendant's defective performance of a contract with plaintiff or defendant's breach of warranty in a sale to plaintiff.
>
> Contracts of indemnification may be express, or may arise by implication from the relationship of the parties. Houseboating Corp. of America v. Marshall, Tenn. 1977, 553 S.W.2d 588.
>
> A person who, in whole or in part, has discharged a duty which is owed by him but which, as between himself and another, should have been discharged by the other, is entitled to indemnity from the other unless barred by the wrongful nature of his own conduct. Southern Coal & Coke Co. v. Beech Grove Mn. Co., 53 Tenn. App. 108, 381 S.W.2d 299 (1963); Carter v. E.T. & W.N.C. Transp. Co., 35 Tenn. App. 196; 243 S.W.2d 505 (1951).
>
> A contract of indemnity need not be express; indemnity may be recovered if the evidence establishes an implied contract. In addition, a right to indemnity exists whenever one party is exposed to liability by the action of another who, in law or in equity, should make good the loss of the other. The right of implied indemnity in contractual cases is based upon a breach of contract by the person against whom indemnity is sought, . . . .

Stiver Mktg., Inc., v. Performance Bus. Forms, Inc., 1991 Tenn. App. LEXIS 930.

This case may be analogized to the authority set out above. The counterclaim did not expressly include a claim specifically designated as a claim for indemnity but it does include a claim for damages paid out to her tenant.

9

We find that the counter-plaintiff is entitled to recover from the counter-defendant for damages to the merchandise of the sublessee and other damages for which the sublessee could look to the sublessor for payment. Therefore, we find no merit in issues four and five.

We affirm the judgment of the trial court on all issues except the first. We find that the wrong measure of damages was utilized in determining damages to the sublessee's merchandise. Accordingly, the judgment for damage to the merchandise is vacated. This case must remanded to the trial court for a retrial and recalculation of damages to the merchandise located within the building in question.

The appellee in her brief has asked this court to modify the award to her by increasing it by $2,887.50, which she claims would compensate her for the full amount she was required to pay for repairs to the roof. There is material evidence to support the findings of the special master and the concurrent findings of the chancellor. Under these circumstances, appellee's request must be denied.

Costs are taxed equally between the appellant, Richard Gause and the appellee, Janice Cole. This case is remanded to the trial court for such other action as is necessary in accordance with this opinion.

_____
Don T. McMurray, Judge

10

CONCUR:

_____
Herschel P. Franks, Judge


_____
Charles D. Susano, Judge

IN THE COURT OF APPEALS


RICHARD GAUSE d/b/a ROOFWORKS ) SEVIER CHANCERY
OF TENNESSEE, ) C. A. NO. 03A01-9707-CH-00001
)
Plaintiff-Appellant )
)
)
)
)
vs. ) HON. CHESTER R. RAINWATER, JR.
) CHANCELLOR
)
)
)
)
JANICE COLE d/b/a RIVERSIDE ) AFFIRMED IN PART, VACATED IN
SHOP and JERRY OGLE, )     PART, AND REMANDED.
)
Defendants-Appellees )


**JUDGMENT**


This appeal came on to be heard upon the record from the Chancery Court of Sevier County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was some reversible error in the trial court.

We affirm the judgment of the trial court on all issues except damages for merchandise. We find that the wrong measure of damages was utilized in determining damages to the sublessee's merchandise. Accordingly, the judgment for damage to the merchandise is vacated. This case is remanded to the trial court for a retrial and recalculation of damages to the merchandise located within the building in question.

Costs are taxed equally between the appellant, Richard Gause and the appellee, Janice Cole. This case is remanded to the trial court for such other action as is necessary in accordance with this opinion.

PER CURIAM